UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARC ELLIOT,                                    )
                                                )
        Plaintiff,                              )
                                                )
v.                                              )       Case No. 4:23-cv-01611-SEP
                                                )
HBO HOME ENTERTAINMENT CORP., et al.,           )
                                                )
        Defendants.                             )

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Dismiss or Transfer Venue, Doc. [31]. For the reasons set forth below, the motion is granted in part and denied in part.

### FACTS AND BACKGROUND

Plaintiff Marc Elliot is a resident of Missouri. Defendants are three named individuals, four entities—two corporations and two LLCs—and additional unnamed individuals.[1] The individual named Defendants, Karim Amer, Jehane Noujaime, and Isabella Constantino, are each residents of New York. *See* Docs. [7] ¶¶ 4-5, 10; [31-1] at 6-7; [31-2] ¶ 1; [31-5] ¶ 1; [31-3] ¶ 2. Named Defendant HBO Home Entertainment Corp. is incorporated in Delaware, and its principal place of business has not been established in the record. *See* Doc. [7] ¶ 1. It is registered to do business in Missouri. *See* Doc. [34] at 2. Home Box Office, Inc.—which Defendants maintain is the proper corporate defendant[2]—is incorporated in Delaware and has its principal place of business in New York. *See* Docs. [7] ¶ 3; [31-1] at 5-6; [31-4] ¶ 3. It is not registered to do business in Missouri. *See* Doc. [31-4] ¶ 6. Defendant The Othrs Licensing

---

[1] For obvious reasons, the Court is unable to assess the jurisdictional situation of the Doe Defendants, whose identity and particulars are unknown to Plaintiff and not set forth in the filings.

[2] The parties dispute which corporate entity is properly sued here. Plaintiff sued "HBO Home Entertainment Corp.," but Defendants claim that entity was "incorrectly sued" and respond on behalf of "Home Box Office, Inc." *See, e.g.*, Doc. [31] at 1. Defendants also provide declarations to the effect that Home Box Office, Inc., was responsible for the conduct attributed to HBO Home Entertainment Corp. *See* Doc. [31-6]. Both parties name the corporate entity they regard as a proper defendant at the outset of their briefing and then proceed to call it "HBO" throughout. *See* Docs. [7]; [31-1]; [31-4]; [31-6]. Because the parties appear to agree that one or the other entity is responsible for the course of conduct described, differing only over *which* entity, the Court uses "HBO" throughout this opinion to refer to the HBO-affiliated corporate defendant without differentiating between the two entities. Where the distinction between the two would affect the analysis, the Court uses their full names.

1

Corp. is a loan-out company for Defendant Amer, has no other employees, and is incorporated in Florida with its principal place of business in New York.  *See* Docs. [7] ¶ 8; [31-1] at 6; [31-2] ¶ 4.  Defendant The Othrs, LLC, a production company whose sole members are Defendants Noujaime and Amer, was formed in Florida and has its principal place of business in New York.  *See* Docs. [7] ¶ 7; [31-1] at 6; [31-2] ¶ 3; [31-5] ¶ 4.  Defendant The Square, LLC, also a production company, was formed in New York and has its principal place of business there.  Its sole member is Noujaime Films, Inc., which likewise is incorporated in New York and has its principal place of business there.  *See* Docs. [7] ¶ 9; [31-1] at 6; [31-5] ¶ 5.

This lawsuit arises out of Season 2, Episode 3 of a documentary series called *The Vow*, which was directed and produced by Defendants Amer and Noujaime and their companies and distributed by Defendant HBO.  The episode contains a recording of a call between Plaintiff and Defendant Constantino.  According to Plaintiff, the call took place in late 2017 or early 2018, was recorded without his knowledge or consent, and was used for the commercial advantage of Defendants to the detriment of Plaintiff.  Doc. [7] ¶¶ 24-29, 32-34, 38, 52, 58.  At the time of the call, Plaintiff and Defendant Constantino were located in New York.  Doc. [7] ¶ 41, [31-3] ¶ 7.  In September 2020, after the call was recorded but before the release of the series, Plaintiff entered into a Consent and Release agreement with Defendant The Square, LLC, in which Plaintiff agreed to participate in the series.  *Id.* ¶¶ 26-29.  The Consent and Release purported to permit the producer Defendants to film Plaintiff, starting July 11, 2020, as well as to waive rights and claims relating to the use of his "name, voice, likeness and biography" in the documentary series that would become *The Vow*.  Doc. [7-1].  The agreement also purported to give Plaintiff's consent to the jurisdiction of the courts of New York, New York, for any matters relating to the release.  *Id.*  Season 2, Episode 3 of *The Vow* was released by HBO on its online site in October 2022, Doc. [7] ¶ 38, and has remained available, behind a paywall, since.  *Id.* ¶ 39-40.

Plaintiff commenced this action in Missouri state court, alleging two counts against all Defendants:  Count I, violation of right of publicity; and Count II, civil conspiracy.  Doc. [7] ¶¶ 53-64.  Defendants timely removed to the Eastern District of Missouri on the basis of diversity.  *See* Doc. [1]; 28 U.S.C. §§ 1332, 1446.

On January 12, 2024, Defendants moved pursuant to Federal Rules of Civil Procedure 12(b)(2), (b)(3), and (b)(6) to dismiss this case for lack of personal jurisdiction, improper venue, and failure to state a claim.  In the alternative, Defendants request that the case be transferred to

the United State District Court for the Southern District of New York under 28 U.S.C. § 1404(a) or §1406(a).  Plaintiff responded to the motion, Doc. [34], and Defendants replied, Doc. [35], so the motion is fully briefed and ripe for resolution.  Defendants have also submitted exhibits supporting their position, specifically:  declarations from Amer, Doc. [31-2]; Constantino, Doc. [31-3]; Noujaime, Doc. [31-5]; Tax Director for Warner Bros. Discovery group, Samantha Grande, Doc. [31-4]; and Executive Vice President, HBO Documentary and Family Programing for Home Box Office, Inc., Lisa Heller, Doc. [31-6]; and a copy of the relevant episode of the series, Doc. [31-7].  Plaintiff has submitted the following exhibits:  a copy of the signed Consent & Release document and the corresponding email chain, Doc. [7-1]; a copy of a 2017 Securities and Exchange Commission filing by Time Warner, Inc., Doc. [34] at 8-10; and a copy of HBO Home Entertainment Corp.'s 2023 Missouri Annual Registration Report, Doc. [34] at 12.

Having carefully reviewed the parties' arguments and exhibits, the Court agrees with Defendants that the Eastern District of Missouri lacks personal jurisdiction over all Defendants. Because it is in the interest of justice to transfer the case to the United States District Court for the Southern District of New York, and because the Court finds that venue and jurisdiction are proper there, the case will be so transferred under 28 U.S.C. § 1406(a).  The Court does not reach Defendants' motion to dismiss for failure to state a claim.

LEGAL STANDARD

I.    Rule 12(b)(2)

When a defendant challenges personal jurisdiction, the plaintiff "must make a prima facie showing of personal jurisdiction over the challenging defendant." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).  That showing is made "by pleading sufficient facts 'to support a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state.'" *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (alteration in original) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)).  "A plaintiff's prima facie showing 'must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion.'" *Fastpath*, 760 F.3d at 820 (quoting *K-V Pharm.*, 648 F.3d at 592).  The "party seeking to establish the court's personal jurisdiction carries the burden of proof," but the Court "must view the evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor." *Id*.  Although courts must accept all well-pled factual allegations as true, they "are not bound to accept as true a

legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II.     Rule 12(b)(3)

"Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that a party may move to dismiss an action when the action is not filed in the proper venue." *Sudden Valley Supply LLC v. Ziegmann*, 2013 WL 2099440, at *4 (E.D. Mo. May 14, 2013).  "Where no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue."  2 James Wm. Moore, et al., *Moore's Federal Practice* § 12.32[4] (3d ed. 2018).  The moving party has the burden of establishing that venue is improper.  *United States v. Orshek*, 164 F.2d 741, 742 (8th Cir. 1947). The general venue statute, 28 U.S.C. § 1391(b), provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Section 1404(a) of Title 28 of the United States Code, which governs change of venue, provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." "The statute 'was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper.'"  *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 634 n.30 (1964)). While the Eighth Circuit has "declined to offer an 'exhaustive list of specific factors to consider' in making the transfer decision," it has advised district courts to "weigh any 'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted."  *Id.* (first quoting *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997); then quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

Section 1406(a) of Title 28 of the United States Code, governing cure or waiver of defects in venue, provides:  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such

case to any district or division in which it could have been brought."  Section 1406(a) applies if a case is brought "in a district where venue is improper."  *Steen v. Murray*, 770 F.3d 698, 701 (8th Cir. 2014).  By statute, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Natural persons are deemed to reside, for purposes of venue, in the district in which the person is "domiciled," § 1391(c)(1), while entities—when defendants—are deemed for venue purposes to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c)(2).

"Though the decision to transfer rather than dismiss [when venue is improper] is discretionary, § 1406(a) should be construed wherever possible to remove procedural obstacles which would prevent the expeditious and orderly adjudication of a case on its merits."  *Mitchell v. Eli Lilly & Co.*, 159 F. Supp. 3d 967, 972 (E.D. Mo. 2016) (internal quotation marks omitted).

DISCUSSION

## I.  <u>Personal Jurisdiction</u>

Defendants argue that this Court lacks personal jurisdiction over the Defendants.  Doc. [31] ¶¶ 1-2.  Plaintiff's assertion in the Complaint that "[j]urisdiction and venue are proper and lie with [this] Court pursuant to Mo. Rev. Stat. § 508.010," Doc. [7] ¶ 1, is conclusory and "not entitled to be assumed true" on a motion to dismiss, *Iqbal*, 556 U.S. at 681.  The Court must look to the specific factual allegations and evidence provided, including affidavits and exhibits, *Brothers and Sisters in Christ, LLC v. Zazzle, Inc*., 42 F.4th 948, 951 (8th Cir. 2022) [hereinafter *BASIC*] and views these "in the light most favorable to the plaintiff and resolve[s] factual conflicts in the plaintiff's favor," *Hawkeye Gold, LLC*, 89 F.4th at 1030. Having done so, the Courts agrees with Defendants that personal jurisdiction is lacking.

Personal jurisdiction falls broadly into two categories.  *See Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014).  The first, "general jurisdiction," permits a court to "hear *any* claim against [a] defendant, even if all the incidents underlying the claim occurred in a different State,"

5

*Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty*., 582 U.S. 255, 262 (2017), while the second, "specific jurisdiction," is limited to suits which "arise out of or relate to the defendant's contacts with the forum," *id*. at 256 (cleaned up) (quoting *Daimler*, 571 U.S. at 118). Under both general and specific jurisdictional analysis, jurisdiction must be established over *each* defendant. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 ("It does not of course follow from the fact that jurisdiction may be asserted over [one defendant] that jurisdiction may also be asserted over . . . the other defendants . . . " since "[e]ach defendant's contacts with the forum state must be assessed individually.").[3] "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler*, 571 U.S. at 125).

**A. The Court lacks general personal jurisdiction over Defendants.**

Defendants argue that they are not subject to general personal jurisdiction in Missouri. The Court agrees. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler*, 571 U.S. at 137 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). For corporations and LLCs, the place of incorporation or formation and the principal place of business are "paradigm bases" for general jurisdiction. *Id*.; *see also Waldman v. PLO*, 835 F.3d 317, 332 (2d Cir. 2016) (because *Daimler*'s "at-home test" was made by analogy to an individual's domicile, the same test also applies to unincorporated entities). Only in "exceptional case[s]" can a business entity's operations in a State other than its place of formation or principal place of business be "so substantial and of such a nature as to render [it] at home in that State," and thus subject to

---

[3] Plaintiff argues that defendants engaged in a "co-venture . . . are subject to the personal jurisdiction of this Court when *one* of the co-venturing defendants is found to be subject to personal jurisdiction." Doc. [34] at 2 (emphasis added). For the reasons discussed below, this Court does not find any of the Defendants subject to its personal jurisdiction, and so does not reach the merits of this argument. Plaintiff also cites the decision in *In re Genetically Modified Rice Litigation*, 576 F. Supp. 2d 1063, 1073-76 (E.D. Mo. 2008), to argue that "[t]he allegation of a civil conspiracy amongst the defendants strengthens the argument for this Court to exercise personal jurisdiction . . . This Court should exercise personal jurisdiction over each defendant." Doc. [34] at 2. The Court takes no position on Plaintiff's interpretation of *In re Genetically Modified Rice*—which does not mention conspiracy—because, even if the Court were to assume that a conspiracy allegation "strengthens" the case for personal jurisdiction by allowing the Court to impute one co-conspirator's actions to the others, it would not alter the outcome in this case, where no Defendant is subject to the Court's personal jurisdiction.

general jurisdiction there.  *Daimler*, 571 U.S. at 139 n.19.  A state's law may also require a corporation to consent to general jurisdiction of its courts as a condition of registering to do business in a state.  *See Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023); *Penn. Fire Ins. Co. of Philadelphia v. Cold Issue Min. & Mill. Co.*, 243 U.S. 93 (1917).  None of the bases for general jurisdiction applies in this case.

None of the individual Defendants is domiciled in Missouri, nor is Missouri the state of incorporation or formation, or the principal place of business, for any of the entity Defendants. As such, none of the "paradigm bases" for general personal jurisdiction, *Daimler*, 571 U.S. at 137, is present for *any* Defendant, much less all.  Nor is this the "exceptional case" where general jurisdiction may be asserted because a Defendant's operations in the forum are so substantial and of such a nature as to "render the corporation at home" there despite the absence of traditional bases.  *See id.* at 139 n.19.  Plaintiff alleges only two examples of purported operations of *any* Defendant in Missouri:  (1) that HBO has made the series *The Vow* "available for viewing behind a paywall . . . in Missouri," Doc. [7] ¶39; *see also* Doc. [31-1] at 8 ("The Vow was distributed to viewers nationwide, including in Missouri"), and (2) that HBO Home Entertainment Corp. is a managed subsidiary of HBO, and is registered to do business in Missouri, Doc. [34] 2.  These are relevant to a specific jurisdictional analysis and are discussed further in that context below.  But for purposes of general jurisdiction, both are insufficient. Making content available over the internet on a subscription basis to some unspecified number of subscribers in a State—when it is equally available to subscribers across the entire United States—does not make a corporation "at home" in that State.  Such a "formulation" of general jurisdiction would be "unacceptably grasping."  *Daimler*, 571 U.S. at 138.

HBO Home Entertainment Corp.'s registration status in Missouri likewise fails to bring this case into the ambit of general jurisdiction.[4]  Defendants note that the Complaint named HBO Home Entertainment Corp. as a Defendant.  *See, e.g.*, Doc. [31] at 1.  Defendants submit through various Declarations that Home Box Office, Inc., oversaw *The Vow* series, Doc. [31-6] ¶ 4, that Home Box Office, Inc., distributes content throughout the United States, including Missouri, *id.*

---

[4] The Court construes Plaintiff's discussion of HBO Home Entertainment Corp.'s registration status in Missouri as implicitly an argument for the exercise of general jurisdiction.  *See* Doc. [34] at 2 (suggesting that the registration and subsidiary status are themselves, and without reference to specific conduct, "sufficient to invoke personal jurisdiction").  Registration to do business is also considered for its relevance to a specific jurisdictional analysis.  *See infra* Section I.B.

at ¶ 3, and that Home Box Office, Inc., was "incorrectly sued as" HBO Home Entertainment Corp. in this action, *id.* at ¶ 1. Plaintiff does not respond to the factual assertions in Defendants' declarations—specifically, that Home Box Office, Inc., and not HBO Home Entertainment Corp. was responsible for the conduct Plaintiff complains of by overseeing production and distribution of *The Vow*. Plaintiff instead asserts that HBO Home Entertainment Corp. is a managed subsidiary of Home Box Office, Inc., and that HBO Home Entertainment Corp. is registered to do business in Missouri, and thus its subsidiary status and registration supports the Court's exercise of personal jurisdiction. Doc. [34] at 2.

Even assuming, in the light most favorable to Plaintiff, that HBO Home Entertainment Corp. is the relevant entity, Plaintiff's argument fails under Missouri law. It is true that, *when a State's laws provide* that foreign corporations registering to do business in the state thereby consent to general personal jurisdiction, such consent to personal jurisdiction can be consistent with due process. *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023) (rejecting a due process challenge to Pennsylvania's state statute requiring that out-of-state corporations, as a condition of registering to do business in the state, consent to personal jurisdiction in Pennsylvania courts even on suits unrelated to the corporations' forum activities). But under Missouri law, registration as a foreign corporation does *not* create an independent basis for exercising personal jurisdiction over a defendant. *Dolan*, 512 S.W.3d at 52 (the corporate registration statute, "[Mo. Rev. Stat. §] 351.594.1 . . . does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present")[5]; *see also Mallory v. Norfolk S. Ry. Co.*, 266 A.3d 542, 564 n.17 (Pa. 2021) (distinguishing the text of Pennsylvania's statute at issue in *Mallory* from, *inter alia*, Missouri's statute as interpreted in *Dolan*), *vacated on other grounds,* 600 U.S. 122. Thus, even assuming in Plaintiff's favor that HBO Home Entertainment Corp.— an entity registered to do business in Missouri—was the entity responsible for the conduct at

---

[5] While Missouri's long-arm statute extends jurisdiction over non-resident defendants "to the extent permissible under the Due Process Clause," *State ex rel. Deer & Co. v. Pinnell*, 454 S.W.2d 889, 892 (Mo. 1970) (en banc), that does not create jurisdiction on the basis of consent-by-registration where the State's registration law has been authoritatively interpreted as not creating such, *Dolan*, 512 S.W.3d at 52. *See also Mallory*, 600 U.S. at 172, (Barrett, J., dissenting) ("Pennsylvania is the *only* State with a statute treating registration as sufficient for general jurisdiction.").

issue in handling and distributing *The Vow*, there still is no basis for this Court to assert general jurisdiction over any Defendant.

## B.  The Court lacks specific personal jurisdiction over Defendants.

Defendants also argue that the Court lacks specific personal jurisdiction over them in this action.  The Court again agrees.  To justify the exercise of specific jurisdiction over a defendant in a diversity action, the Plaintiff must make a prima facie showing that "[1] the forum State's long-arm statute permits the exercise of personal jurisdiction, and [2] that exercise is consistent with the Due Process Clause of the Fourteenth Amendment."  *Creative Calling Solutions, Inc. v. LF Beauty Ltd*., 799 F.3d 975 (8th Cir. 2015) (citing *K–V Pharm. Co. v. J. Uriach & CIA, S.A*., 648 F.3d 588, 592 (8th Cir. 2011)).  Because Plaintiff fails to show that Missouri's long-arm statute permits the exercise of personal jurisdiction over defendants in this case, the Court does not reach the second part of the inquiry.

The Missouri long-arm statute provides that a nonresident individual or entity is subject to the jurisdiction of Missouri courts for, *inter alia*, causes of action that arise out of "(1) the transaction of any business within the state, (2) the making of any contract within the state, [or] (3) the commission of a tortious act within the state . . .."  Mo. Rev. Stat. § 506.500.1.  The Missouri Supreme Court has explained that the "ultimate objective [of the long-arm statute] was to extend the jurisdiction of this state over non-resident defendants to the extent permissible under the Due Process Clause of the Fourteenth Amendment," *Pinnell*, 454 S.W.2d at 892.  Nonetheless, because "[o]nly causes of action *arising from acts enumerated in this section* may be asserted against a defendant in an action in which jurisdiction is based upon this section," Mo. Rev. Stat. § 506.500.3 (emphasis added), Missouri courts continue to use a two-prong test for specific jurisdiction:  only "[o]nce it has been determined [that] the nonresident defendant's conduct is covered under the long-arm statute," does the court "then determine whether the defendant has sufficient minimum contacts with Missouri to satisfy due process."  *State ex rel. PPG Industries, Inc. v. McShane*, 560 S.W.3d 888, 891 (Mo. 2018) (en banc).

Plaintiff does not identify under which enumerated provision of § 506.500.1 the present action would fall but relies in Count I of the Complaint on *Doe v. TCI Cablevision*, 110 S.W.3d 363 (Mo. 2003), in support of his claim of violation of his right to publicity, which is a tort recognized in Missouri, *id*. at 372.  *See* Doc. [7] ¶ 54.  And § 506.500.1(3), which permits jurisdiction over causes of action arising from "the commission of a tortious act within the state,"

also "include[s] . . . '[e]xtraterritorial acts that produce consequences in the state, such as fraud.'" *McShane*, 560 S.W.3d at 892 (quoting *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 232 (Mo. 2010) (en banc)).  As Defendant correctly points out, under *McShane*, the "mere allegation that a website, accessible by internet users in every state in the country, published [allegedly tortious material] cannot be enough to conclude that the website owner acted tortiously within Missouri" within the meaning of the long-arm statute.  560 S.W.3d at 893 (finding that to conclude otherwise "would open up Missouri courts to suits against companies who lack even negligible contacts with the state"); *see also* Doc. [31-1] at 14.  Thus, merely making *The Vow* available for viewing within Missouri, Doc. [7] ¶ 39, does not bring Defendants into the purview of Missouri's long-arm statute, as interpreted by the Missouri Supreme Court.

Of course, the availability of the final product in Missouri is not the only conduct by Defendants with which Plaintiff takes issue.  But it is the only conduct alleged that comes close to implicating the long-arm statute's enumerated grounds for jurisdiction.  There was a "contract" in this case, in the form of the signed Consent and Release, but there is no allegation that it was made in Missouri.  Plaintiff listed a New York residence on the document, and it does not mention Missouri.  Doc. [7-1] at 2.  And to the extent that there was a "transaction of business," in recording Plaintiff, obtaining the release, and producing *The Vow*, such conduct is not alleged to have occurred in Missouri.  Doc. [7] ¶¶ 24-42.  Missouri's long-arm statute is inapplicable where a cause of action does not arise from "acts enumerated in" the statute, Mo. Rev. Stat. § 506.500.3, and Plaintiff has not made a prima facie showing that the statue can be applied.  Because the Court concludes that Missouri's long-arm statute is not satisfied, it need not reach whether the Court's exercise of personal jurisdiction would be consistent with the Due Process Clause of the Fourteenth Amendment.

## II.    <u>Venue</u>

Defendants next argue that venue is improper in the Eastern District of Missouri, and they request that the case be dismissed or, in the alternative, transferred to the United States District Court for the Southern District of New York.  Plaintiff appears to oppose transfer generally, Doc. [34] at 4, and provides no specific facts to support or oppose transfer to the Southern District of New York or any other district than this one.  The Court concludes that transfer is appropriate under § 1406(a).

"[I]f a case is brought in a district where venue is improper . . . (as here, where the Court lacks personal jurisdiction over Defendants) the district court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Steen*, 770 F.3d at 701 (quoting 28 U.S.C. § 1406(a)). Defendants suggest that the Southern District of New York is an appropriate venue in which the action "could have been brought," because under § 1391(b)(2), "a substantial part of the events or omissions giving rise to the claim" occurred there. Doc. [31-1] at 12.

The Court finds venue proper in the Southern District of New York under § 1391(b)(1). All Defendants are subject to personal jurisdiction in the courts of the State of New York.[6] Accordingly, under § 1391(c)(1)-(2), all Defendants are considered to reside, for venue purposes, in the State of New York. Since all Defendants are residents of the same State, venue would be proper under § 1391(b)(1) in any judicial district in that State where *any* Defendant resides. Here, Plaintiff in the original Complaint identified—and Defendants have not disputed—that Defendants Noujaime and Amer are residents of New York, NY, Doc. [7] ¶¶ 4-5, and the Court accepts this as true. It therefore finds that the Southern District of New York, being a district in which at least one Defendant resides, in a state in which all Defendants reside, is a proper venue under § 1391(b)(1).

Under § 1406, the Court is instructed to "dismiss, or if it be in the interest of justice, transfer" the action to an appropriate forum. Defendants ask that the Court dismiss outright, or in the alternative, transfer to the Southern District of New York, Doc. [31-1] at 11. The Court finds that transfer to the Southern District of New York is in the interest of justice and is warranted in this case. Section 1406(a) "should be construed wherever possible to remove procedural obstacles which would prevent the expeditious and orderly adjudication of a case on its merits." *Mitchell,* 159 F. Supp. 3d at 972 (quoting *Stowell*, 137 F. Supp. 2d at 1159). Defendants concede that "the interests of justice favor litigating this matter in the Southern

---

[6] Each of the three individual Defendants is domiciled in New York. Docs. [31-2] ¶ 1 (Amer); [31-5] ¶ 1 (Noujaime); [31-3] ¶ 2 (Constantino). The entity Defendants, with the possible exception of HBO Home Entertainment Corp., all have their principal places of business in New York. Docs. [31-4] ¶ 3 (Home Box Office, Inc.); [31-2] ¶ 3 (The Othrs, LLC); *id*. at ¶ 4 (The Othrs Licensing Corp); [31-5] ¶ 5 (The Square, LLC). And finally, Defendants concede in their briefs that jurisdiction is proper in the Southern District of New York. *See* Doc. [31-1] at 17 n.7; *see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) (because "personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived").

11

District of New York" and do not dispute that "transfer of venue is proper under 28 U.S.C…. § 1406(a)."  Doc. [31] at 2-3.  Accordingly, in order to facilitate "expeditious and orderly adjudication . . .  on the merits," *Mitchell*, 159 F. Supp. 3d at 972, the Court concludes that the interest of justice warrants transfer rather than dismissal.

**III.    Failure To State a Claim**

Having determined that the Court lacks personal jurisdiction over Defendants, and that transfer to the Southern District of New York is warranted, the Court does not reach Defendants' motion under Fed. R. Civ. P. 12(b)(6) to dismiss the action for failure to state a claim upon which relief can be granted.

CONCLUSION

Because the Court lacks jurisdiction over all Defendants in this action, transfer to the United States District Court for the Southern District of New York is in the interest of justice. *See* 28 U.S.C. § 1406(a).  Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss for failure to state a claim upon which relief can be granted, is **DENIED** without prejudice to refiling in light of this Memorandum and Order, and Defendants' motion to transfer venue is **GRANTED**.  *See* Doc. [31].

**IT IS FURTHER ORDERED** that that the Clerk of Court transfer this case to the United States District Court for the Southern District of New York.  *See* 28 U.S.C. § 1406(a).

Dated this 30th day of September, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

12